KRUPANSKY, Circuit Judge,
concurring.
I write separately because I perceive the sole issue joined herein as addressing the subject matter jurisdiction of the district court to entertain and finally resolve purely administrative controversies statutorily delegated to the exclusive non-reviewable discretion of the bankruptcy court pursuant to 28 U.S.C. § 156(b).
The operative facts as summarized by the majority opinion are succinctly and accurately stated and I concur with the majority’s reasoning that this court has no jurisdiction to entertain an appeal from purely administrative dispositions of a district court acting within its administrative authority.
To me, it is beyond peradventure that under the facts and circumstances of this case as emphasized by the majority opinion, the bankruptcy court had, and continues to have, exclusive non-reviewable administrative authority to dispose of purely bankruptcy court administrative grievances. In the case at bar it has been conceded that the administrative grievance here in issue resulted from alleged misconduct of employees of the bankruptcy court while performing duties for that court, and that said grievance was finally resolved not by the bankruptcy court, but rather by action of the district court. The clerk of the bankruptcy court, from the inception of the proceedings before the district court, took exception to that jurisdiction to entertain and dispose of the controversy asserting that the disposition of the grievance was within the exclusive non-reviewable administrative authority of the bankruptcy court.
In light of the foregoing, I concur in the majority’s decision that the district court exceeded its authority to entertain and dispose of a controversy which was within the exclusive nonreviewable administrative authority of the bankruptcy court and the judgment should accordingly be vacated.